Sara F. Khosroabadi, Esq. (SBN:299642)
sara@westcoastlitigation.com
Joshua Swigart, Esq. (SBN:225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone : (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for,
Katie E. Scott

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Katie E. Scott,<br><br>                 Plaintiff,<br>v.<br><br>Gold's Gym International, Inc.;<br>Gold's Gym Southern California Group; Swift Funds, LLC,<br><br>                 Defendants. | **Case No:** _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Katie E. Scott, ("Plaintiff"), through Plaintiff's attorneys, brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Gold's Gym International, Inc. ("Gold's Int'l"), Gold's Gym Southern California Group ("Gold's SoCal") (hereinafter collectively "Gold's Gym") and Swift Funds, LLC, ("Swift Funds") (hereinafter collectively, "Defendants"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation

of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that
> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

9. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 47 U.S.C. §227.

11. This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

12. Plaintiff is a natural person who resides in the City of Garden Grove, County of Orange, State of California.

13. Plaintiff recently changed her residence, her previous residence at which she resided during the majority of the events giving rise to the claim was located in the City of Tustin, County of Orange, State of California.

14. Defendants attempted to collect an alleged debt from Plaintiff by repeatedly calling Plaintiff to Plaintiff's cellular telephone in violation of 47 U.S.C. §227(b)(1) in Orange County.

15. The telephone collection efforts by Defendants against Plaintiff in Tustin, California are a substantial part of the events or omissions giving rise to the claim raised by Plaintiff who resides in the city of Tustin, County of Orange, State of California, and therefore venue is proper pursuant to 28 U.S.C. §1391(b)(2).

16. Defendant Gold's Gym International, Inc., is a health and fitness company that operates and resides in the City of Dallas, in the State of Texas.

17. Defendant Gold's Gym Southern California Group is a health and fitness franchise of Gold's Int'l that operates and resides in the City of Arcadia, in the State of California.

18. Defendant Swift Funds, LLC is a debt collection company that operates and resides in the City of Las Vegas, in the State of Nevada.

19. Defendant Gold's Gym regularly operates within the county of Orange. Defendant's violative collection practices are the actions that gives rise to Plaintiff's claim.

20. Defendant Swift Funds, LLC regularly operates within the county of Orange. Defendant's violative collection practices are the actions that gives rise to Plaintiff's claim.

21. Because Defendants do business within the county of Orange in the State of California and the action giving rise to the claim took place in the County of Orange, California, personal jurisdiction is established and Venue is proper pursuant to 28 U.S.C. § 1391b(1)&(2).

22. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

23. Plaintiff at all times mentioned herein was, a citizen and resident of the City of Tustin, County of Orange, State of California.

24. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

25. Defendant Gold's Int'l is located in the City of Dallas, in the State of Texas.

26. Defendant Gold's SoCal is located in the City of Arcadia, in the State of California.

27. Defendant Swift Funds is located in the City of Las Vegas, in the State of Nevada.

28. Defendants are and at all times mentioned herein were, corporations and are "persons," as defined by 47 U.S.C. § 153 (39).

29. Plaintiff is informed and believes, and thereon alleges, that Gold's SoCal is a franchisee of Gold's Int'l and as such Gold's SoCal acts as an agent of Gold's Int'l. The acts of Gold's SoCal may be attributed to Gold's Int'l as Gold's Int'l is vicariously liable for the actions of it's agent, Gold's SoCal.

30. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants, each acting as the agent for the other, with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

31. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all the other Defendants in proximately causing the damages herein alleged.

32. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions as alleged herein.

### FACTUAL ALLEGATIONS

33. Sometime before December 2, 2014, Plaintiff is alleged to have incurred certain financial obligations for a gym membership.

34. On or about December 2, 2014, Plaintiff filed a pro se voluntary petition for Chapter 7 relief, Case Number 8:14-bk-17026-CB (the "Bankruptcy Case").

35. Plaintiff included Gold's Gym as a named creditor, including Gold's Gym in both Schedule F of her petition, identifying Gold's Gym as a creditor holding an unsecured non-priority claim, and including Gold's Gym in the Plaintiff's creditor matrix.

36. On December 4, 2014, Gold's Gym was notified by the bankruptcy court of the Bankruptcy Case through first class mail sent from the Bankruptcy Notification Center ("BNC") which sent the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Filing Notice").

37. Subsequently, but before January 16, 2015, the Plaintiff answered a call from Gold's Gym and stated that she had filed for bankruptcy and did not want to be called again.

38. On or about January 16, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Swift Funds for collection on Gold's Gym's behalf.

39. On or about January 16, 2015, Defendant telephoned Plaintiff from 1-800-729-0123.

40. Plaintiff did not answer this call on January 16, 2015. The call relayed a recorded message that instructed Plaintiff to call Defendant back.

41. Since January 16, 2015, Plaintiff received numerous telephone calls on her cellular telephone from Defendant Swift Funds where Swift Funds used an

automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. §227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

42. Swift Funds, on behalf of Gold's Gym, proceeded to make collection calls upon the Plaintiff on the following dates and times during the Bankruptcy Case:

   (1) January 19, 2015, at 1:42 p.m.;
   (2) January 22, 2015, at 4:07 p.m.;
   (3) January 27, 2015, at 3:02 p.m.; and
   (4) January 31, 2015, at 11:32 a.m.

43. On March 23, 2015, at 10:04 a.m. the Court filed it's Discharge Order granting the Plaintiff a discharge from the bankruptcy court pursuant to section 727 of Title 11.

44. On March 25, 2015, Gold's Gym was sent notification of the Debtor's discharge (the "Discharge Notice") sent by the BNC.

45. After the Discharge Order, Swift Funds, on behalf of Gold's Gym, proceeded to make collection calls upon the Plaintiff on the following dates and times:

   (1) March 23, 2015, at 12:59 p.m.;
   (2) March 30, 2015, at 2:08 p.m.;
   (3) April 3, 2015, at 9:31 a.m.;
   (4) April 16, 2015, at 1:20 p.m.;
   (5) April 23, 2015, at 2:24 p.m.;
   (6) April 29, 2015, at 1:24 p.m.;
   (7) May 4, 2015, at 12:58 p.m.;
   (8) May 7, 2015, at 1:19 p.m.;
   (9) May 12, 2015, at 3:33 p.m.;
   (10) May 14, 2015, at 1:41 p.m.;
   (11) May 21, 2015, at 11:15 a.m.;

(12) May 21, 2015, at 12:29 p.m.;

(13) May 22, 2015, at 1:46 p.m.;

(14) May 29, 2015, at 2:07 p.m.;

(15) June 4, 2015, at 10:29 a.m.;

(16) June 11, 2015, at 12:44 p.m.;

(17) June 16, 2015, at 11:29 a.m.;

(18) June 24, 2015, at 10:11 a.m.;

(19) July 2, 2015, at 9:39 a.m.;

(20) July 7, 2015, at 2:33 p.m.;

(21) July 13, 2015, at 2:01 p.m.;

(22) July 17, 2015, at 9:19 a.m.;

(23) July 17, 2015, at 9:19 a.m. (mere moments later);

(24) July 23, 2015, at 3:31 p.m.;

(25) August 4, 2015, at 10:14 a.m.;

(26) August 6, 2015, at 12:10 p.m.;

(27) August 11, 2015, at 10:33 a.m.;

(28) August 18, 2015, at 11:32 a.m.;

(29) August 24, 2015, at 10:27 a.m.; and

(30) August 25, 2015, at 1:00 p.m.

46. Plaintiff has received over two dozen automated calls from Defendant Swift Funds on behalf of Gold's Gym, with most calls including the same, or very similar, recorded message.

47. The ATDS used by Defendant Swift Funds has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

48. The telephone number Defendant Swift Funds called were assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

49. Plaintiff specifically instructed Defendants to stop calls twice.
50. These telephone calls by Defendants or its agents were in violation of 47 U.S.C. § 227(b)(1).

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
52. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.
53. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
54. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II

### KNOWING AND/OR WILLFUL OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
56. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any other relief the Court may deem just and proper.

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: January 10, 2017          By: /s/ Sara Khosroabadi
                                    Sara Khosroabadi
                                    Attorneys for Plaintiff